Filed 8/11/25  Anderson v. Superior Court CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| DION ANDERSON,<br><br>       Petitioner,<br><br>  v.<br><br>THE SUPERIOR COURT<br>OF SACRAMENTO COUNTY,<br><br>       Respondent;<br><br>THE PEOPLE,<br><br>       Real Party in Interest. | C101862<br><br>(Super. Ct. No. 98F11084) |

Petitioner Dion Anderson alleges he was disparately charged with greater firearm enhancements due to his race.  He is Black.  In this writ proceeding, petitioner challenges the trial court's order finding that he failed to demonstrate good cause to obtain evidence from the district attorney's office relevant to a potential violation of the Racial Justice Act.  We reject petitioner's challenge and deny his petition for writ of mandate. Undesignated statutory references are to the Penal Code.

1

## FACTUAL AND PROCEDURAL BACKGROUND

In 1999, the People charged petitioner with two counts of attempted robbery (§§ 664, 211; counts 1 & 13), one count of attempted carjacking (§§ 664, 215, subd. (a); count 2), one count of assault with a firearm (§ 245, subd. (a)(2); count 3), one count of burglary (§ 459; count 4), six counts of robbery (§ 211; counts 5, 6, 9, 11, 16 & 17), one count of theft and unlawful taking of a vehicle (Veh. Code, § 10851, subd. (a); count 7), four counts of assault with a semi-automatic firearm (§ 245, subd. (b); counts 8, 10, 12 & 14), and one count of carjacking (§ 215, subd. (a); count 15). The People also alleged firearm enhancements under various statutes, including section 12022.53, subdivision (b).

A judge found petitioner guilty of all counts, except counts 6 and 11, and found true the associated firearm enhancements. The judge sentenced petitioner to an aggregate term of 49 years and 2 months in prison, including 28 years on the firearm enhancements under section 12022.53, subdivision (b).

After the Racial Justice Act was enacted, petitioner filed a motion in propria persona for discovery under section 745, subdivision (d). The motion claimed the district attorney charged firearm enhancements under section 12022.53, subdivision (b) against petitioner even though the more lenient section 12022.5 was also applicable. Petitioner claimed this was a systematic practice against Black and other minority criminal defendants around the time of his underlying case. He cited his own race and sentence to support this claim.

The trial court found petitioner failed to show good cause and denied the petition. We issued an order to show cause.

## DISCUSSION

Petitioner contends the allegations in his petition, along with publicly available statistical information showing racial disparities in the application of firearm enhancements, were sufficient to establish good cause for discovery under the Racial Justice Act. We disagree.

2

A violation of the Racial Justice Act occurs when "an attorney in the case … exhibit[s] bias or animus towards the defendant because of the defendant's race, ethnicity, or national origin." (§ 745, subd. (a)(1).)  A defendant may file a discovery motion seeking all evidence from the state that is relevant to such a potential violation. (§ 745, subd. (d).)

The trial court has jurisdiction to consider a stand-alone postjudgment discovery motion filed under the Racial Justice Act and must order discovery "[u]pon a showing of good cause." (§ 745, subd. (d); *People v. Serrano* (2024) 106 Cal.App.5th 276, 282.) "[T]o establish good cause for discovery under the Racial Justice Act, a defendant is required only to advance a plausible factual foundation, based on specific facts, that a violation of the Racial Justice Act 'could or might have occurred' in his case." (*Young v. Superior Court* (2022) 79 Cal.App.5th 138, 159.)  We review the trial court's discovery order for abuse of discretion. (*Id.* at p. 156.)

Here, the only specific facts in petitioner's discovery motion were that he is Black and that the district attorney charged him with greater firearm enhancements when lesser ones were also applicable.  He claimed the charging decision was a result of systematic discriminatory practice against Blacks and minorities.  But nothing in his motion "tip[ped] the scale" from speculated racial bias to circumstantial proof of the substance of his allegation. (Compare with *Young v. Superior Court, supra*, 79 Cal.App.5th at p. 166 [the petitioner's claim that "he was closely observed before being pulled over and subjected to excessive force in the course of his arrest arguably" tipped the scale].)  Petitioner thus failed to establish good cause. (See *id.* at p. 161 ["if [the petitioner] indeed argued nothing more than that he is a [B]lack person who was charged with felony possession of Ecstasy for sale — the court would have been right to deny his discovery motion"].)

Petitioner claims statistical data "available to this [c]ourt" plus the allegations in his motion were sufficient to establish good cause, adding that he "cannot be faulted for

failing to present" the data to the trial court because he was unrepresented.  We disagree. "A defendant appearing in propria persona is held to the same standard of knowledge of law and procedure as is an attorney."  (*People v. Clark* (1990) 50 Cal.3d 583, 625.)  The already relaxed good cause standard is not relaxed further merely because petitioner was unrepresented.  Moreover, petitioner effectively invites us to search through public information to find support for his motion.  That is not our role.  (See *Helm v. City of Los Angeles* (2024) 101 Cal.App.5th 1219, 1228, fn. 5 ["[i]t is not our role to scour the record to find evidence to support [a litigant's] contention"]; *Yield Dynamics, Inc. v. TEA Systems Corp.* (2007) 154 Cal.App.4th 547, 557 ["an appellant must do more than assert error and leave it to the appellate court to search the record and the law books to test his claim"].)

DISPOSITION

The order to show cause is discharged and the petition for writ of mandate denied.


<u>  /s/                       </u>
MESIWALA, J.


We concur:


<u>  /s/                       </u>
HULL, Acting P. J.


<u>  /s/                       </u>
ROBIE, J.